New Civil Liberties Alliance

August 18, 2022

**VIA ECF**

Maria R. Hamilton, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way Boston, MA 02210

Re: *Relentless Inc., et. al. v. U.S. Dept. of Commerce et. al.* No. 21-1886

Dear Ms. Hamilton:

Pursuant to F.R.A.P. 28(j), Appellants submit this response to Appellees' 28(j) letter. The D.C. Circuit's opinion in *Loper Bright Enters. v. Raimondo*, __ F. 4th __, No. 21-5166, 2022 WL 3330362 (D.C. Cir. Aug. 12, 2022) (slip.op.) ("*Loper Bright*"), rejects many of the arguments the Appellees press before this Court (and the dissent rejects virtually all of them). First, it rejected the proposition that the Magnuson-Stevens Act unambiguously demonstrated any Congressional intent to create industry funded at-sea monitors. Slip Op. at 12. The *Loper Bright* majority found, like the district court here, that the statute was ambiguous and proceeded to *Chevron* Step 2 and pronounced the Agencies' interpretation reasonable. Only *Chevron* deference preserved the regulation. *Id.* at 14.

The majority also found the regulation was not arbitrary and capricious under the APA, but the fishers there use a different style of fishing and did not raise the

same trip length and disproportionate assignment of observers on their vessels at issue here.

The dissent reasoned, correctly, that it "would reverse the judgment of the district court because the Magnuson-Stevens Act unambiguously does not authorize the Fisheries Service to force the fishermen to pay the wages of federally mandated monitors." Slip. Op. at 28. The majority and the dissent differ on the effect of Congressional silence in a statute. The dissent notes that usually silence means no power was granted, not that there is a gap to fill. *Id*. at 27. That it is the Government's burden to show it has the power, not the challenger's burden to prove a negative. *Id.* Critically, the dissent relies on the recent decisions of the Supreme Court and other courts weakening *Chevron* deference and rejecting agencies' assertion of power from broad mandates that lack specific authorization. *Id.* nn. 16, 19, 23, 28, 34, 35, 37, 43. For a core function of Congress, like determining who pays government employees' salaries, this burden should be higher. Finally, the dissent cites many sources on how hard it is to earn a living through fishing. *Id.* n. 48. That note could add *CODA*.

Sincerely,

/s/ John J. Vecchione

John J. Vecchione
Senior Litigation Counsel

cc via ECF: All counsel of record

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit using the CM/ECF system. Counsel for all parties are registered users of the CM/ECF system. They will be served by the CM/ECF system.

Dated: August 18, 2022          */s/ John J. Vecchione*
                                                 JOHN J. VECCHIONE

                                                 *Counsel for Appellants*