

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*  *Telephone (202) 353-9022*
P.O. Box 7415
Washington, DC 20044

## Via CM/ECF

Sept. 27, 2022

Maria R. Hamilton, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:    *Relentless Inc. v. U.S. Dep't of Commerce*, No. 21-1886

Dear Ms. Hamilton:

      Defendants-Appellees submit this letter at the Court's instruction.

      The agency reports that the administrative record does not contain ex-post industry-incurred-monitoring-cost information under this program. This record and judicial review are confined to the agency's cost assessments as of the challenged regulation's February 2020 promulgation, not later data or Plaintiffs' assertions. *See, e.g.*, *Sher v. U.S. Veterans Affairs Dep't*, 488 F.3d 489, 497 (1st Cir. 2007); 16 U.S.C. §1855(f)(1)(B) (review limited to *legal*, not factual, challenges); U.S.Br.9, 53-54 & n.3, 47-56; OralArg.Recording35:33-35:56. Upon promulgation, the agency estimated a *maximum* daily monitoring cost and from that projected an industrywide *maximum* annual cost of $566,580 (*before* accounting for cost-reducing exemptions, etc.). A254. As context, the record shows 2018 industrywide gross herring revenue was ~$22 million. A247 tbl.1.

      The agency diligently searched for the following extra-record information upon this inquiry: For the first and only complete monitoring year (2021, ending March 31, 2022), the agency understands April 2022 data to show no industry-funded at-sea monitoring trips, and thus an apparent $0 at-sea-monitoring cost to industry, including due to the program's newness, COVID-19-related monitor unavailability/attrition, and low quotas. *See* https://s3.us-east-1.amazonaws.com/nefmc.org/1_NOAA-Fisheries-IFM-presentation-slides.pdf (Slides 4 & n.\*, 6); 50 C.F.R. §648.11(m)(4)(ii). The agency expects future years' costs to differ. It notes that vessels do not generally report prices they negotiate with their chosen service providers, so representative such data is not generally available. Plaintiffs' proffered figure (OralArg.Recording41:55-42:12), among

various mistaken rebuttal statements,[1] cannot be credited. U.S.Br.54 n.3, 18, 52 & OralArg.Recording38:50-39:30 (expected owner's annual returns impact is "less than 5 percent" (A256, A251)—specifically, only "up to 3%" (A316, A495), "[m]edian" of "2.5%" (A566), for bottom-trawling vessels (like Plaintiffs')—*not* 20%, given exemptions, etc.). The regulation's future adjustment process may consider more complete data when available. 50 C.F.R. §648.11(m)(1)(ii)(F).

        Sincerely,

        */s/ Dina B. Mishra*
        Dina B. Mishra
        U.S. Department of Justice
        Environment & Natural Resources Division
        Appellate Section
        P.O. Box 7415
        Washington, DC 20044
        (202) 353-9022
        dina.mishra@usdoj.gov

        *Counsel for Appellees*

cc: Counsel of record (via CM/ECF)

---

[1] *Compare, e.g.*, OralArg.Recording49:56-50:21 (disclaiming similar regulations beyond "New England['s]" "fisheries"), *with* U.S.Br.10, 36, 29, 31 & *Loper*D.C.Cir.OralArg.Recording38:00-39:37 (providing other examples of fisheries and contexts like equipment, "auditing," "licensure," and data collection/reporting); *see Goethel*, 854 F.3d at 117-118 (Kayatta, J., concurring); *see, e.g.*, 49 C.F.R. §396.17(b)-(e) (commercial truckers must "inspect[]," or "have a commercial garage … inspect[]," their vehicles).

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on September 27, 2022.

I certify that Counsel for Appellants is a registered CM/ECF user and that service will be accomplished by the appellate CM/ECF system.

*/s/ Dina B. Mishra*
Dina B. Mishra

*Counsel for Appellees*
