

U.S. Department of Justice

Environment and Natural Resources Division

*Appellate Section*  *Telephone (202) 353-9022*
P.O. Box 7415
Washington, DC 20044

**Via CM/ECF**

March 10, 2023

Maria R. Hamilton, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:   *Relentless Inc. v. U.S. Dep't of Commerce*, No. 21-1886

Dear Ms. Hamilton:

      Appellees submit this response to Appellants' Rule 28(j) letter of March 7.

      Regarding the pending certiorari petition in *Loper*, Appellees draw this Court's attention to the Brief for the Respondents in Opposition, S. Ct. No. 22-451 (Feb. 2023), https://www.supremecourt.gov/DocketPDF/22/22-451/254978/20230216143615072_22-451%20Loper%20Bright%20%20final.pdf. The petition-stage briefing is scheduled for consideration at the Supreme Court's conference of March 24, 2023.

      Regarding the Fifth Circuit's *Mexican Gulf* decision, to the extent that Appellants now allude to a Fourth Amendment or related point, any such argument has been waived in this litigation and was not raised before the agency in any identified comment on this regulation when proposed. Oral Argument Recording 10:40-10:55 (Appellants appearing to acknowledge, as asked, that "the Fourth Amendment wouldn't apply to putting an observer on the boat"); Answering Br. 38 n.2 (noting non-preservation of most constitutional arguments); Reply Br. 2 n.1 (contesting non-preservation only as to certain other waived arguments (DE11 at 9)); *see, e.g.*, *Alexandre v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 22 F.4th 261, 274 n.22 (1st Cir. 2022); *Upper Blackstone Water Pollution Abatement Dist. v. EPA*, 690 F.3d 9, 30, 33 (1st Cir. 2012). In any event, *Mexican Gulf* addresses a requirement that certain vessels use a device concerning different data for different purposes under a different regulation of a different fishery and based on a different

administrative record. 2023 WL 2182268, at *1-3. Moreover, Appellants concede the lawfulness of Section 1853(b)(8)'s requirement that observers be carried aboard for data collection, which helps conserve the fishery to the benefit of all participants. *See* Oral Argument Recording 45:30-47:45 (Appellants calling observers "a nuisance" while conceding that Section 1853(b)(8), added in 1990, lawfully requires that "there shall be observers on the boats"); Reply Br. 16. Appellants have preserved only a challenge to their bearing costs of third-party observer data-collection services, costs that they have not shown they bear in any event. *See* Appellees' Letter, Doc.00117926079 (Sept. 27, 2022); NOAA Fisheries, Bulletin on Suspension of Program (Nov. 2, 2022), https://www.fisheries.noaa.gov/bulletin/atlantic-herring-industry-funded-monitoring-program-suspended-beginning-april-2023. That challenge fails. *See* Answering Br. 24-60.

                                              Sincerely,

                                              */s/ Dina B. Mishra*
                                              Dina B. Mishra
                                              dina.mishra@usdoj.gov

                                              *Counsel for Appellees*

cc: Counsel of record (via CM/ECF)

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on March 10, 2023.

I certify that Counsel for Appellants is a registered CM/ECF user and that service will be accomplished by the appellate CM/ECF system.

*/s/ Dina B. Mishra*
Dina B. Mishra

*Counsel for Appellees*